Davis, C. J.,
The only assignment of error which we have found it necessary to consider is that concerning the refusal of the circuit court to consider that part of the bill of exceptions which contains the testimony taken on the hearing of the preliminary and jurisdictional questions.
We have recently held, in Railroad Co. v. Tod et al., ante, 156, that the findings of the probate judge on the hearing of the preliminary questions in an appropriation proceeding are reviewable on error; and that the time within which a petition in error may be filed must be computed from the final judgment of the probate court, either dismissing the petition or confirming the verdict of the jury. This is upon the theory that the hearing of the preliminary, or what are often called the jurisdictional, questions is a constituent part of the case and not a separate or independent proceeding. Hence it was held in *434 that case that it is not necessary to make a motion for a new trial of the preliminary questions, that is, separately from a new trial of the whole case; and it was also held in that connection and upon that theory that if no motion for a new trial is filed in the case, the time within which a bill of exceptions on such hearing should be taken should he computed from the day on which said questions are determined; but if a motion for a new trial is filed the time should be computed from the time such motion is overruled. This is strictly in accord with section 5301, Bevised Statutes (96 O. L., 16), as amended and in force at the time of the trial of this appropriation proceeding.
A new trial, if granted, goes to the whole case. If must be retried from the beginning and upon all the issues of fact which are involved in the case. This results from the unity of a proceeding in appropriation. It may be that a sharp conflict of testimony has arisen on the preliminary hearing and the defeated party may think that the finding of the probate judge is not sustained by the weight of the evidence or that he has not rightly applied the law to the evidence. He need not make a motion for a new trial, then and there, of that part of the case; but he may, and if he desires to do so, properly should, bring the evidence upon the record and all the questions in regard to it, by a motion for a new trial within ten days after the verdict. Counsel are wrong in their contention, at this point, that the motion for a new trial is specifically limited by section 6432, Bevised Statutes, to a re-examination of the issues of fact determined by the verdict. This section limits only the time within which such motion may be filed. Section 6436 provides that “a new trial shall be granted for cause only” and that when it is *435 granted it ‘ ‘ shall take place in the same court where the first trial was had, and shall he conducted in accordance with the provisions of this chapter for the first trial, so far as the same are applicable.” We construe the word “trial” here as we construed the same word in section 6438, in State v. Judges, 69 Ohio St., 372, that it means a rehearing of the case from the beginning.
It must also be remembered that the office of a motion for a new trial is not confined to a review of a finding on the evidence. It may not be necessary to make a motion for a new trial in order to obtain a review of errors of law occurring at the trial or in a decision by the court, where the sufficiency or weight of the evidence is not involved; yet the party aggrieved is expressly authorized by section 5305, Revised Statutes, to again bring those matters to the attention and review of the trial court by a motion for a new trial. This court has held after careful consideration that if such a motion for a new trial should be overruled, the time for filing a bill of exceptions should be computed from the day that the motion for a new trial was overruled, and not from the date at which the error so complained of was committed. Weaver v. Columbus, Shawnee & Hocking Valley Railway Co., 55 Ohio St., 491. The following remarks in the opinion in that case, by Bradbury, J., are so pertinent to this case that we repeat them here.
“It may be true that some of the rulings of the trial court do not require a motion for new trial to bring them into the record. If, as to them, none is made, the period within which a bill of exceptions must be filed begins to run from the ruling complained of. It is to this condition of those questions *436 that this limitation applies. Where, however, the party excepting chooses to avail himself of the right granted by sections 5305, 5307 and 5308, Revised Statutes, to include the ground of error in a motion for a new trial, he re-submits the question, and the error should be regarded as arising out of the action of the court in overruling the motion for a new trial. This construction of the sections of the statute is necessary, or the party excepting in many instances would be debarred from the exercise of the valuable privilege by the provisions of sections 5305, 5307 and 5308, Revised Statutes, of a rehearing of the question in the trial court under circumstances more favorable to its deliberate consideration than attended the first investigation. This is the prime object to be obtained by a motion for new trial and we think this object should not be defeated by placing a strict construction on the section of the statute that relates primarily to the time and manner of taking bills of exceptions.”
The judgment of the circuit court will therefore be vacated and the cause remanded to the circuit court with instructions to consider all of the bill of exceptions.

Remanded.

Shauck, Price and Summers, JJ., concur.